IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cr-30070 |
| | ) |
| KATON TAYLOR, | ) |
| | ) |
| Defendant. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Katon Taylor's Amended Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a) (d/e 49). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On February 21, 2018, Defendant pleaded guilty to one count of Distribution of Cocaine Base (Crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count of Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Minute Entry, Feb. 21, 2018; Indictment, d/e 10. On July 9, 2018, the undersigned District Judge sentenced Defendant to a total of 70 month's imprisonment, consisting of 10

months' imprisonment on the drug count, and 60 months' imprisonment on the firearm count to be served consecutively to each other.  Minute Entry, July 9, 2018.  The Court also imposed a 6 year term of supervised release, consisting of 6 years of supervised release on the first count to be served concurrently with 5 years of supervised release imposed on the second count.  Id. Defendant is currently serving his sentence at FCI Milan in Milan, Michigan, and has a projected release date of October 12, 2022. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed September 18, 2020).

On August 18, 2020, Defendant filed a pro se motion for sentence reduction (d/e 42) pursuant to 18 U.S.C. § 3582(c)(1)(A). On August 26, 2020, following the appointment of counsel, Defendant filed an amended motion for sentence reduction (d/e 45). Appointed counsel was not able to speak to Defendant prior to filing the amended motion.  After being provided an opportunity to speak with Defendant, appointed counsel filed the second amended motion that is now before the Court.  Defendant requests a reduction in sentence due to the COVID-19 pandemic as it relates

to the conditions at FCI Milan.  Defendant also requests a sentence reduction so that he may care for his mother—who has lupus—in order to decrease the potential of her contracting COVID-19.  Am. Mot. for Reduction in Sentence 2.

Defendant is 31 years old.  Defendant has proposed two release plans.  According to BOP records, Defendant's release plan is to reside with his fiance in Grandview, Illinois.  Probation's Mem. 1 (d/e 47).  The United States Probation Office addressed Defendant's request for sentence in a Memorandum and concluded that the proposed release plan was not suitable because the Probation Office was unable to contact Defendant's fiance.  Id. at 2.  In the second amended motion for sentence reduction, Defendant proposes to live with his mother in Springfield, Illinois, if released from custody, but no additional information concerning the release plan is provided.  Am. Mot. for Reduction in Sentence 2.

On September 11, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 50). The Government argues that the Court should deny Defendant's motion because Defendant has not established that extraordinary and compelling circumstances warranting a reduction in sentence

exist. Resp. 10-11. The Government also notes that the Bureau of Prisons (BOP) has implemented procedures designed to curb the spread of the virus in its facilities. Id. at 3-10.

As of September 18, 2020, BOP reports that FCI Milan has zero confirmed inmate cases of COVID-19 and one confirmed staff member case. See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed September 18, 2020). BOP further reports that eighty-seven inmates and fifty-five staff members at the facility who were previously diagnosed with COVID-19 have recovered. Id.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the

Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting thirty days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Defendant submitted a request for compassionate release to

the warden of his facility on June 11, 2020. Probation's Mem. 1. On July 2, 2020, Defendant's request was denied. Id. Based on that fact, the Government concedes in its response that Defendant has exhausted his administrative remedies. Resp. 3. Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), however, the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison. Defendant, however, is 31 years old and does not have any underlying medical conditions that may increase the risks presented by COVID-19. See Coronvirus Disease 2019 (COVID-19), People at Increased Risk, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/index.html (last accessed September 18, 2020). According to Probation's Memorandum, Defendant has been treated only for foot pain and vision problems while incarcerated. Probation's Mem. 1. Medical records from BOP (d/e 51) filed by the Government confirm those conditions.

The Court recognizes that there were previously many confirmed case of COVID-19 at FCI Milan, the facility where Defendant is housed. However, BOP currently reports that there are no inmates with active infections in the facility. According to the Government, BOP has implemented rigorous procedures designed to mitigate the spread of the virus in its facilities. For now at least, those measures appear to be working at FCI Milan.

The distribution count for which Defendant was convicted related to Defendant's delivery of 7.3 grams of cocaine base to a confidential informant. PSR ¶ 16. When Defendant's residence was searched, law enforcement officers discovered the loaded firearm which resulted in Defendant's other count of conviction, as well as a digital scale, items used to convert powder cocaine into crack cocaine, and more than $25,000 in U.S. currency, including the money from the controlled purchase. PSR ¶ 20. Defendant has

more than two years remaining on his sentence, which was imposed below the applicable Guideline range.

Defendant has numerous prior convictions for possession of cannabis, as well as convictions for possession of a controlled substance and manufacture/delivery of a controlled substance. PSR ¶¶ 39, 41, 42, 44, 45, 48.  While in BOP custody, Defendant has been disciplined for possessing a non-hazardous tool. Probation's Mem. 1.

Finally, Defendant has not proposed an adequate release plan. Based on Probation's Memorandum and the Probation Office's inability to contact Defendant's fiance, Defendant's fiance's home would not be a suitable residence for Defendant if he were to be released from custody.  Although Defendant has proposed in the alternative to live with his mother in the second amended motion for sentence reduction, the Court has not had the benefit of an investigation of that proposed release plan by the Probation Office. Additionally, while the Court is sympathetic to Defendant's mother's medical condition, Defendant's wish to provide care for his mother in order to decrease her risk of contracting COVID-19 does not constitute an extraordinary and compelling circumstance

warranting a reduction in Defendant's sentence. Moreover, the Court would have serious concerns about releasing Defendant into the home of a medically vulnerable person from a facility where COVID-19 has previously been widespread.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Katon Taylor's Amended Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a) (d/e 49), Motion for Reduction in Sentence Pursuant to 18 U.S.C. 3582(c)(1)(a) (d/e 45), and Defendant's pro se Motion for Compassionate Release (d/e 42) are DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.

ENTER: September 18, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE